EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
Lucas E. Rowe (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-2426
   Facsimile:  (213) 894-7177
   E-mail: Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$158,899.00 IN U.S. CURRENCY,<br><br>      Defendant. | NO. CV 15-05750<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C)<br><br>[HSI] |

The United States of America brings this claim against the defendant $158,899.00 in U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

1.  The government brings this *in rem* forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $158,899.00 in U.S. Currency (the "defendant currency") seized on March 21, 2014 from a vehicle being operated by Vidal Gutierrez Vargas ("Vargas") near the intersection of Lemon Avenue and Del Amo Boulevard in Long Beach, California.

6. The defendant currency was seized by law enforcement officers and is currently in the custody of the United States Customs and Border Protection ("CBP"), where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Israel Zuniga ("Zuniga") and Vargas may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8. On March 20, 2014, members of the Los Angeles Interagency Metropolitan Police Apprehension Crime Task Force ("LA IMPACT") were conducting an on-going narcotics investigation in Long Beach, California. LA IMPACT officers conducted surveillance on Zuniga (a suspected drug trafficker) in the Los Angeles area until Zuniga returned to his home in Montebello, California.

9. On March 21, 2014, LA IMPACT officers resumed surveillance of Zuniga at his residence where they saw him carry

1 a black duffel bag, which appeared to be weighted, down to his
2 car.  Zuniga entered his vehicle and drove off.  Officers
3 followed Zuniga to his girlfriend's apartment in Montebello,
4 California.  After leaving his girlfriend's apartment, Zuniga
5 drove to a residence in Long Beach, California.  Officers saw
6 Zuniga enter the residence carrying a light tan bag and then
7 leave the residence empty-handed approximately 30 minutes later.

     10.  Approximately 10 minutes after Zuniga exited the Long Beach residence, Vargas was seen leaving the same residence carrying the same light tan bag Zuniga had taken into the residence.  Vargas then placed the light tan bag into the trunk of a Toyota Camry and drove away.

     11.  LA IMPACT officers followed Vargas and saw that he was driving erratically, in a manner consistent with counter-surveillance tactics.[1]  Due to his erratic driving, a Long Beach Police Department patrol car initiated a vehicle stop for an illegal lane change.

     12.  During the stop, Vargas consented to a search of his vehicle, including the trunk.  In the trunk of the vehicle, officers found the light tan bag.

     13.  Officers asked Vargas if he knew the contents of the bag, to which Vargas estimated there was approximately $140,000.00 and alleged that the money was to be used to buy a house.  The light tan bag actually contained $158,899.00 in U.S.

---

[1] Counter-surveillance tactics are maneuvers used by one party to escape the suspected surveillance of another party (i.e., criminals will use counter-surveillance techniques to "lose" police surveillance.  They may make several right-hand turns to see if any vehicles behind them make the same turns, or they may make sudden lane changes, particularly onto exit ramps, to see if any other vehicles make the same sudden movement.)

currency (i.e., the defendant currency), which was bundled, bound by rubber bands, and secured inside multiple zip-lock style baggies, and pay/owe sheets. Vargas was then arrested pursuant to California Penal Code § 11370.6(A) (possession of proceeds of the sale of narcotics).

## FIRST CLAIM FOR RELIEF

14. Plaintiff incorporates the allegations of paragraphs 1-13 above as though fully set forth herein.

15. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

16. Plaintiff incorporates the allegations of paragraphs 1-13 above as though fully set forth herein.

17. Based on the above, plaintiff alleges that the defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D). The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

//
//

WHEREFORE, plaintiff United States of America prays that:

(a)  due process issue to enforce the forfeiture of the defendant currency;

(b)  due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)  this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d)  for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: July 29, 2015

EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

             /s/
_____
LUCAS E. ROWE
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Joshua Bonesz, hereby declare that:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations.

2. I have read the above Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally or was furnished to me by official government sources. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 28, 2015 at Santa Ana, California.

_____
JOSHUA BONESZ
Special Agent
Homeland Security Investigations